UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES B. DILLON, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner, Social Security Administration,<br><br>    Defendant. | CIV. 15-5034-JLV<br><br>ORDER |

**INTRODUCTION**

On September 26, 2016, the court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying James Dillon's application for benefits and (2) remanding the case for the purpose of calculating and awarding benefits. (Docket 21). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Margo Tschetter Julius, counsel for Mr. Dillon timely moved for an award of attorney's fees and expenses. (Docket 23). Mr. Dillon seeks an award of $9,371.33 in attorney's fees, court costs of $431.50 and expenses of $609.14 in state and local sales tax. Id. The Commissioner does not object to an award of EAJA fees, but objects to the amount sought in Mr. Dillon's motion. (Docket

---

[1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

26). For the reasons stated below, the court grants in part and denies in part Mr. Dillon's motion.

Ms. Tschetter Julius asks the court to set the hourly rate at $191.25, after factoring in the cost of living adjustment permitted by the EAJA. (Docket 25 at p. 2). The Commissioner does not object to the hourly rate requested. (Docket 26 at p. 8). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $191.25 is reasonable considering the training and experience of Ms. Tschetter Julius in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Tschetter Julius' billable hours to 35 hours. (Docket 26 at p. 8). The Commissioner argues "nothing about the facts and issues in this matter supports a deviation from the average EAJA award, which is 20-40 hours." Id. at p. 3 (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633 (N.D. Iowa Dec. 17, 2007)).

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Tschetter Julius representing Mr. Dillon were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A).

The administrative record in Mr. Dillon's case was 2,200 pages in length. (Docket 25 ¶ 8).  The Commissioner contends this fact should not be a material consideration in the analysis.  The Commissioner argues "because Ms. Julius represented Plaintiff at the administrative level, she should have already been sufficiently familiar with the facts and merits of the case."  (Docket 26 at p. 3). Because of Ms. Tschetter Julius' level of experience in handling Social Security disability cases, the Commissioner asserts "it seems unlikely that she would be unable to handle a routine disability case within the time normally required by other attorneys."  Id. at p. 4.  After reviewing Ms. Tschetter Julius' time log (Docket 25-1) and considering the parties' arguments on this issue, the court finds that only minor deductions are proper.

Due to the manner in which Ms. Tschetter Julius recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: time spent with the client or performing administrative functions and preparing the summons and complaint; time spent preparing the joint statement of material facts ("JSMF"); time preparing Mr. Dillon's motion and supporting memorandum to reverse the decision of the Commissioner; and time spent preparing a reply brief.

Ms. Tschetter Julius reports spending 2.3 hours with her client, preparing the summons and complaint and communicating with the court about the status of the case.  The Commissioner argues "[t]he EAJA does not compensate for work performed at the administrative level, prior to filing the complaint."

(Docket 26 at p. 5). The Commissioner contends 1.3 hours of work in this category should be deducted. Id.

The court finds the time Ms. Tschetter Julius spent with her client was not related to the activities at the administrative level of the Social Security Administration. Rather, her time with Mr. Dillon was directly related to developing an *in forma pauperis* application and preparing to file the summons and complaint in federal district court. Only 0.8 hours were related to post-complaint communications with her client about the status of his case. Those tasks must be removed from EAJA consideration. The court finds Ms. Tschetter Julius reasonably expended 1.7 hours in this category.

Ms. Tschetter Julius spent approximately 18.6 hours preparing the JSMF in Mr. Dillon's case. This court requires attorneys in social security cases to submit a highly detailed JSMF. (Docket 8 at pp. 1-2). In this category, the Commissioner contends the court must remove any time spend by counsel moving the court for an extension of time to file the JSMF. (Docket 26 at p. 6). The court notes that only 0.2 hour was billed for the motion for extension of time to file the JSMF. Because of the size of the administrative record, the JSMF consisted of 258 numbered paragraphs, with very detailed facts important to the appeal. (Docket 13). The court is impressed Ms. Tschetter Julius was able to work through the extensive administrative record and develop the JSMF as efficiently as reported. The court finds Ms. Tschetter Julius reasonably expended 18.4 hours preparing the JSMF in the case.

4

Ms. Tschetter Julius spent approximately 19.1 hours preparing her motion and supporting memorandum to reverse the decision of the Commissioner in Mr. Dillon's case. The Commissioner asks the court to cut these hours as "the issues addressed . . . were not novel or complex. Rather, the brief largely focused on medical opinions, credibility, Listings, Veterans Affairs ratings, and the ALJ's evaluation of the evidence from outside the relevant period." (Docket 26 at pp. 3-4). Because of the complex nature of the plaintiff's challenges to the Commissioner's decision, the court rejects the Commissioner's argument and finds 19.1 hours spent preparing the motion and supporting memorandum to reverse the decision of the Commissioner is an appropriate amount of time given the facts and complexity of Mr. Dillon's case.

Ms. Tschetter Julius spent approximately 8 hours preparing and filing a reply brief in response to the government's response to the motion to reverse the decision of the Commissioner. (Docket 20). The Commissioner again seeks a reduction in this category because it includes a motion for extension of time to file the reply brief. (Docket 26 at p. 6). Based on the deduction made earlier, the court finds 0.2 hour should be deducted in this category. Because of the complex nature of the issues in the case, the court finds Ms. Tschetter Julius reasonably expended 7.8 hours preparing the reply brief.

Ms. Tschetter Julius seeks an additional hour for the time expended preparing the motion for attorney's fees. (Docket 25-1 at p. 4). The Supreme Court held attorney's fees under the EAJA may be awarded for the time spent

5

applying for the EAJA fee award. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990). Ms. Tschetter Julius is entitled to recover for the hour requested.

The court finds a total of 48 hours were reasonably expended by Ms. Tschetter Julius and in line with the complexity of this case, for a total attorney's fee award of $9,180.[2] The Commissioner did not object to an award of 6 percent state and local sales tax on attorney's fees, as an "expense," which in this case amounts to $550.80, together with additional expenses of $31.50, for total expenses of $582.30. No objection was made to the $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 23) is granted in part and denied in part. Plaintiff is awarded $9,762.30 comprised of $9,180 in attorney's fees, $550.80, in expenses representing 6 percent state and local sales tax on the attorney's fees, together with additional expenses of $31.50, for total expenses of $582.30, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

---

[2]The Commissioner's reference to Coleman as authority to reduce Ms. Tschetter Julius' hours was disingenuous. In Coleman, the administrative record "was comparatively small, at 294 pages." Coleman, 2007 WL 4438633, at *3. The court further found the "case was not unusually complex . . . ." Id. Mr. Dillon's case not only contained an extensive administrative record, but involved very complex medical issues which had not been properly analyzed by the administrative law judge whose decision was not supported by the administrative record. See Docket 21.

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff James B. Dillon, Jr., but delivered to plaintiff's attorney Margo Tschetter Julius, Julius & Simpson, L.L.P., P.O. Box 8025, Rapid City, South Dakota 57709-8025.

Dated October 23, 2017.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE